# EXHIBIT C

| | |
|---|---|
| 1 | ROBERT J. HANNA, Bar No. 66105 |
|   | robert.hanna@bbklaw.com |
| 2 | MATTHEW L. GREEN, Bar No. 227904 |
|   | matthew.green@bbklaw.com |
| 3 | WHITNEY R. BLACKHURST, Bar No. 295239 |
|   | whitney.blackhurst@bbklaw.com |
| 4 | BEST BEST & KRIEGER LLP |
|   | 655 West Broadway, 15th Floor |
| 5 | San Diego, California 92101 |
|   | Telephone: (619) 525-1300 |
| 6 | Facsimile: (619) 233-6118 |

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/08/2019** at 02:14:00 PM

Clerk of the Superior Court
By Carlos Terriquez, Deputy Clerk

Attorneys for Defendant
OMNI HOTELS MANAGEMENT CORPORATION

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, NORTH COUNTY REGIONAL CENTER

| | |
|---|---|
| ALLEN HARVEY ABOLAFIA,<br><br>    Plaintiff,<br><br>    v.<br><br>OMNI HOTELS MANAGEMENT CORPORATION; and DOES 1 TO 20, inclusive,<br><br>    Defendants. | Case No. 37-2019-00016847-CU-PO-NC<br>Judge: Earl H. Maas, III<br>Dept.: N-28<br><br>DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S ANSWER TO COMPLAINT<br><br>IMAGED FILE<br><br>Complaint Filed: April 2, 2019 |

Defendant Omni Hotels Management Corporation ("Omni") hereby answers the Complaint filed by Plaintiff Allen Harvey Abolafia ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30, subdivision (d), Omni generally and specifically denies each and every allegation in the unverified Complaint, and further denies that Plaintiff has sustained damages in the amounts alleged, or in any amount, or is entitled to any of the relief requested, or to any other relief of any kind or nature, by reason of any act, action, omission or breach of duty on the part of Omni, or on the part of any agents or employees of Omni.

## AFFIRMATIVE DEFENSES

As a separate and distinct affirmative defense to each allegation, purported cause of action, and claim set forth in the Complaint, Omni alleges the following against Plaintiff. Unless expressly limited, each of the defenses set forth applies to each and every purported cause of action set forth in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

As a first affirmative defense, the Complaint, and each purported cause of action contained therein, fails to allege facts sufficient to state a cause of action against Omni.

## SECOND AFFIRMATIVE DEFENSE

As a second affirmative defense, Plaintiff has failed, and continues to fail, to use reasonable care and diligence to mitigate the losses, if any, and damages, if any, alleged by him in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

As a third affirmative defense, the Complaint is barred because Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for his safety in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff.

///

///

### FOURTH AFFIRMATIVE DEFENSE

As a fourth affirmative defense, the Complaint is barred because Plaintiff assumed the risk of his alleged injuries.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth affirmative defense, the Complaint is barred by the statute of limitations, including, but not limited to, the statute of limitations under Code of Civil Procedure section 335.1.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth affirmative defense, Omni was justified in doing any and/or all acts alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh affirmative defense, Omni acted in good faith at all times material herein, based on all relevant facts and circumstances known by it at the time it so acted.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth affirmative defense, to the extent Plaintiff incurred or sustained any damages, which Omni denies, any act, conduct, or omission, if any, on the part of Omni, was neither a substantial factor in bringing about, nor a contributing cause of, such damages.

### NINTH AFFIRMATIVE DEFENSE

As a ninth affirmative defense, any damages Plaintiff may have sustained were the result, in whole or in part, of conduct by other parties for whom Omni is not legally responsible.

### TENTH AFFIRMATIVE DEFENSE

As a tenth affirmative defense, the Complaint is barred by the doctrine of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh affirmative defense, the Complaint is barred in whole or in part to the extent Plaintiff released the claims therein.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth affirmative defense, Omni expressly reserves the right to assert additional affirmative defenses in the event investigation and discovery reveal that they would be

appropriate.

WHEREFORE, Omni prays as follows:

1. That Plaintiff take nothing by reason of the Complaint;
2. That Omni take judgment against Plaintiff;
3. That Omni recover the costs of suit incurred herein; and
4. For such other and further relief as the Court deems proper.

Dated: May 8, 2019						BEST BEST & KRIEGER LLP

By: _____
ROBERT J. HANNA
MATTHEW L. GREEN
WHITNEY R. BLACKHURST
Attorneys for Defendant
OMNI HOTELS MANAGEMENT CORPORATION