Robert J. Pecora, SBN 106167
Pecora & Cline
7855 Ivanhoe Avenue
Suite 408
La Jolla, California 92037
Telephone: (858) 454-4014
Facsimile (858) 454-3548

Attorney for *Allen Harvey Abolafia, Plaintiff*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HARVEY ABOLAFIA,<br><br>    Plaintiff<br><br>v.<br><br>OMNI HOTELS MANAGEMENT CORPORATION, et. al.<br><br>    Defendants | Case No. 3:19-cv-01923-W-KSC<br><br>Judge:     Hon. Thomas J. Whelan<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ALLEN HARVEY ABOLAFIA'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION<br><br>Hearing:     July 20, 2020<br><br>No oral argument pursuant to local rule 7.1 d. 1.<br><br>Date Action Filed: October 2, 2019 |

Memorandum of Points and Authorities in Support of Plaintiff Allen Harvey Abolafia's Motion for Summary Judgment Against Defendant Omni Hotels Management Corporation

# Contents

I. Parties .................................................................................................................. 1

II. Summary and Relief Requested ........................................................................ 1

III. Relevant Procedural History ............................................................................ 1

IV. Facts Relevant to this Motion .......................................................................... 2

V. Argument ........................................................................................................... 3

   1. Standard of Proof for Summary Judgment. ..................................................... 3

   2. Affirmative Defenses Must State Facts. .......................................................... 4

   3. There Is No Legal or Factual Basis for Defendant's Contractual Assumption of Risk. First, Fifth and Sixth Affirmative Defenses. .................................... 4

      A. Plaintiff Never Signed a Contract. .......................................................... 4

      B. Contractual Assumption of Risk Does Not Apply to Omni Hotel's Negligence. ................................................................................ 5

   4. Primary Assumption of Risk Is Irrelevant to Walking. Second Affirmative Defense. ........................................................................................ 7

   5. Comparative Negligence Is Not a Complete Bar. Third Affirmative Defense. .......................................................................................................... 8

   6. Omni Hotels Is Liable for the Acts of Its Employees and Agents. Fourth Affirmative Defense. ........................................................................... 8

VI. Conclusion ........................................................................................................ 9

PECORA & CLINE
7855 IVANHOE AVENUE, STE 408
LA JOLLA, CA 92037-4510

Page ii

Memorandum of Points and Authorities in Support of Plaintiff Allen Harvey Abolafia's Motion for Summary Judgment Against Defendant Omni Hotels Management Corporation

# TABLE OF AUTHORITIES

**Cases**

*Amezcua v. Los Angeles Harley-Davidson, Inc.*,
  200 Cal.App.4th 217, 132 Cal.Rptr.3d 567 (2011) .................................................. 7

*Burnett v. Chimney Sweep*,
  123 Cal.App.4th 1057, 20 Cal.Rptr.3d 562 (2004) .................................................. 6

*Celotex Corporation v. Catrett*,
  477 U.S. 317, 106 S.Ct. 2548 (1986) ................................................................. 3, 4

*FPI Development, Inc. v. Nakashima*,
  231 Cal.App.3d 367 (1991) ...................................................................................... 4

*Huverserian v. Catalina Scuba Luv, Inc.*,
  184 Cal.App.4th 1462, 110 Cal.Rptr.3d 112 (2010) .............................................. 6

*Knight v. Jewett*,
  3 Cal.4th 296 (1992) ................................................................................................ 7

*Li v. Yellow Cab Co.*,
  13 Cal.3d 804 (1975) ...................................................................................... 1, 7, 8

*Salazar v. Maradeaga*,
  10 Cal.App.4th Supp. 1 (1992) ............................................................................... 4

**Other Authorities**

California Civil Jury Instruction 3705 ........................................................................ 8

PECORA & CLINE
7855 IVANHOE AVENUE, STE 408
LA JOLLA, CA 92037-4510

## I. PARTIES

1. Plaintiff Allen Harvey Abolafia ("Abolafia") was injured when he walked into an unmarked hole at the Omni La Costa Resort & Spa ("La Costa") golf course.

2. Defendant, Omni Hotels Management Corporation ("Omni Hotels") is the owner and operator of the La Costa in Carlsbad, California.

## II. SUMMARY AND RELIEF REQUESTED

Omni Hotels First Amended Complaint alleged six affirmative defenses. (ECF 12). The first, fifth and sixth affirmative defenses are based on an unsigned contract that Omni Hotels claimed serves as a waiver of the secondary assumption of risk of its ordinary negligence for its invitees walking at the club. Defendant's second affirmative defense claimed that that Omni Hotels owed no duty to Plaintiff Abolafia and therefore Omni Hotels was not liable because of primary assumption of risk. Defendant's third affirmative defense claimed that Abolafia's action "is barred," an affirmative defense abrogated by *Li v. Yellow Cab Co.*, 13 Cal.3d 804 (1975). Omni Hotel's fourth affirmative defense alleged that the negligence was caused by Omni Hotel's agent, Hoagland and Sons Concrete ("Hoagland"), a construction contractor. Omni Hotels is vicariously liable for the acts of its agent, Hoagland.

Because there is no legal basis for Omni Hotel's affirmative defenses and no material facts are disputed, Plaintiff is entitled to summary judgment dismissing those defenses.

## III. RELEVANT PROCEDURAL HISTORY

Defendant Omni Hotels filed its answer. (ECF 2). Plaintiff Abolafia filed a motion for judgment on the pleadings to dismiss Defendant Omni Hotel's twelve affirmative defenses. (ECF 7 and 8). Defendant Omni Hotels requested that Abolafia

1  consent to amend its answer to include facts and eliminate. Abolafia consented.
2  Omni Hotels sent its proposed amended answer to Abolafia. Plaintiff Abolafia told
3  Omni Hotels that its amended answer was still defective because there was no legal
4  or factual basis for Omni Hotel's six affirmative defenses and that this motion would
5  be filed. Omni Hotels filed its defective amended answer. Abolafia filed this motion.

## IV. FACTS RELEVANT TO THIS MOTION

Plaintiff Abolafia is a dues paying member and invitee of La Costa owned by Defendant Omni Hotels. Abolafia alleged in his complaint that on August 29, 2018 he "walk[ed] toward the 7th tee box at the Omni La Costa Resort & Spa golf course" and "stepped into an unmarked construction hole adjacent to and hidden by a cement curb." (ECF 1, Att. 2, Exhibit A). Defendant Omni Hotels has not alleged that Plaintiff was injured in the operation of a golf cart, from playing golf or from a sport.

Defendant Omni Hotels first, fifth and sixth affirmative defenses are based on a contract that Plaintiff Abolafia never signed. At Abolafia's deposition, Omni Hotel's counsel showed Abolafia the contract and asked:

> Q. Let's start at the first page. It says 017088. Is that a membership number that you have? On the first page, very front page.
> A. No. That is not my membership number.
> Q. Do you have any idea what that number is?
> A. Yes.
> Q. What is it?
> A. It's -- my membership number is 071000.
> Q. Okay. I asked a bad question. Do you know what this number 017088 is?
> A. I have no idea.

(Exhibit 1, p. 6, lines 6-17).

> Q. So it says your name Allen Abolafia, your birthday, has an address. You see that?
> A. Yes.
> Q. Is that your handwriting?
> A. No.

(Exhibit 1, p. 7, lines 3-7).

> Q. Okay. Applicant signature, do you see that?

PECORA & CLINE
7855 IVANHOE AVENUE, STE 408
LA JOLLA, CA 92037-4510

    A. Yes.
    Q. Is that your signature?
    A. No.
    Q. Do you know whose signature that is?
    A. I have no idea. It looks like -- can I answer this question? It looks like somebody was trying to duplicate my signature because my F's go down, and this one goes up. It's kind of – but it's not my signature. Now the girl that signed it, that was my sales girl.

(Exhibit 1, p. 8, lines 14-25).

    Q. So I understand your testimony today is this is not your signature on this document; correct?
    A. You know, I don't want to say that. It doesn't look like my signature. It's not even close to my signature.

(Exhibit 1, p. 9, lines 7-12).

  Plaintiff Abolafia further explained at his deposition, that the services provided and fees charged were different in the deposition exhibit from what he received.

    Q. So your recollection is back in 2007 when you became a member that your deposit was 50,000?
    A. Yes. Originally I paid 25,000 and then increased it another 25,000.
    Q. At the same time or subsequently?
    A. Subsequently later.
    Q. You said with that type of membership you got a free locker; correct?
    A. Free locker, free -- I didn't have to pay for the bags and I didn't have to pay for the Cart.
    Q. Was this for lifetime?
    A. Yes.
    Q. Okay. Do you pay green fees as part of that membership?
    A. No.

(Exhibit 1, p. 5, lines 2-18).

## V. **ARGUMENT**

### 1. STANDARD OF PROOF FOR SUMMARY JUDGMENT.

  "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986). "In cases like the

instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* At 324.

### 2. AFFIRMATIVE DEFENSES MUST STATE FACTS.

"An 'affirmative defense' is one which 'sets forth facts from which it results that, notwithstanding the truth of the allegations of the complaint, no cause of action existed in the plaintiff at the time the action was brought. [citation omitted]'" *Salazar v. Maradeaga,* 10 Cal.App.4th Supp. 1, 5 (1992). "A pleading may be defective in failing to allege an element of a cause of action or in failing to intelligibly identify a defense thereto. . . . Thus, a defect in the answer may entitle the moving party plaintiff to a summary judgment if the only matter in dispute is a defense that has not been intelligibly asserted in the answer." *FPI Development, Inc. v. Nakashima,* 231 Cal.App.3d 367, 382, 282 Cal.Rptr. 508 (1991).

### 3. THERE IS NO LEGAL OR FACTUAL BASIS FOR DEFENDANT'S CONTRACTUAL ASSUMPTION OF RISK. FIRST, FIFTH AND SIXTH AFFIRMATIVE DEFENSES.

**A. Plaintiff Never Signed a Contract.**

Plaintiff Abolafia never signed Omni Hotel's contract as alleged in its Amended Answer. (ECF 12; Exhibit 1, p. 8, lines 14-25). Omni Hotel's first, fifth and sixth affirmative defenses start with "On or about January 25, 2007, Plaintiff completed, executed, and/or submitted an application for membership at the Omni La Costa Resort & Spa." (ECF 12, pp. 4, 8 and 9). When Omni Hotels filed its Amended Answer, it knew that it had no evidence to show Abolafia signed the contract. Omni Hotels took Abolafia's deposition where the contract's member number and contract details are incorrect. (Exhibit 1, p. 6, lines 6-17). Abolafia testified twice that it was not his signature on the contract. (Exhibit 1, p. 8, lines 14-25 and p. 9, lines 7-12).

Omni Hotels first, fifth and sixth affirmative defenses are dependent on a

Page 4 of 9

Memorandum of Points and Authorities in Support of Plaintiff Allen Harvey Abolafia's Motion for Summary Judgment Against Defendant Omni Hotels Management Corporation

signed, admissible contract. On November 25, 2019, Defendant filed its initial disclosures. (Exhibit 3). That disclosure listed no witness to testify that Abolafia signed a contract. Omni Hotels took Abolafia's deposition on February 19, 2020. (Exhibit 2). After February 2020, Omni Hotels knew that it had no witness to support its allegation that Abolafia signed the contract. On April 27, 2020, Omni Hotels filed its Amended Answer that alleged that Plaintiff signed a contract.

Omni Hotels has no signed contract or witness to support its affirmative defense that Abolafia signed a contract. Therefore, this Court should dismiss Omni Hotels first, fifth and sixth affirmative defenses with prejudice and without leave to amend to further amend.

### B. Contractual Assumption of Risk Does Not Apply to Omni Hotel's Negligence.

Omni Hotels alleged that it has a contract signed by Abolafia that relieved it of liability. The applicable parts of that contract are:

> Any Member . . . who engages in any contest, game, function, exercise, competition or other activity . . . shall do so at his/her own risk, and shall indemnify, defend and hold harmless [Omni Hotels] . . . from any and all loss, cost, claim, injury, damage or liability sustained or incurred by him/her. . . arising out of . . . use of the Resort Facilities.

> The Member using a golf cart accepts and assumes all responsibility for liability connected with operation of the golf cart. The Member also expressly indemnifies and agrees to hold harmless [Omni Hotels] . . . from any and all damages. . . related to such Member's use . . . of the golf cart.

> Lessee agrees to release and hold harmless [Omni Hotels] from any and all liability, claims, damages, actions and causes of action whatsoever Lessee might state as a result of physical injury . . . or loss sustained in connection with the use of the Rental Golf Cart.

(ECF 12, p. 4). Of the three paragraphs above, the first relates to injuries while in an athletic activity. The second and third paragraphs relate to injuries from a golf cart. None of the three paragraphs, or the amended answer, apply to "walking." (ECF 1, Att. 2, Exhibit A). Omni Hotel's pleading obligation is to tie its defense to

Memorandum of Points and Authorities in Support of Plaintiff Allen Harvey Abolafia's Motion for Summary Judgment Against Defendant Omni Hotels Management Corporation

Plaintiff's allegations, which it didn't do. Abolafia said he was walking. Omni Hotels defended that Abolafia released Omni Hotels from injuries in a sport or due to a golf cart. Omni Hotels omitted any alleged connection between walking and its exculpatory clauses because there is no relationship.

Even if Omni Hotels alleged that there was a connection that showed Abolafia's walking qualified as a game, there are three additional fatal flaws: Omni Hotel's indemnity did not cover active negligence; indemnity only applied when a subscriber is engaged in a contest; and exculpatory agreements inapplicable if there is no primary or secondary assumption of risk.

### 1. Omni Hotel's Contract Did Not Mention Negligence.

"The exculpatory clause . . . does not specifically mention negligence. Accordingly, this provision would ordinarily be construed as shielding Chimney Sweep from liability 'only for passive negligence, not for active negligence.'" *Burnett v. Chimney Sweep*, 123 Cal.App.4th 1057, 1066, 20 Cal.Rptr.3d 562 (2004). Since Omni Hotel's contract did not specifically mention negligence, Omni Hotel's best outcome is that it is shielded for passive negligence, which is inapplicable here because it dug a long trench next to the cart path.

### 2. Abolafia Was Not in a Contest or Game When Walking.

"Contract principles apply when interpreting a release, and 'normally the meaning of contract language, including a release, is a legal question.' [citation omitted]" *Huverserian v. Catalina Scuba Luv, Inc.*, 184 Cal.App.4th 1462, 1466, 110 Cal.Rptr.3d 112 (2010). Omni Hotel's contract is limited to five types of activities "contest, game, function, exercise, [or] competition." Abolafia was not in any of the activities triggering indemnity. Abolafia was walking, which is not a listed activity, therefore there is no indemnity.

### 3. Omni Hotels Cannot Absolve Its Secondary Assumption of Risk by Contract.

"Whether the defendant owed a legal duty to protect the plaintiff from a

Page 6 of 9

Memorandum of Points and Authorities in Support of Plaintiff Allen Harvey Abolafia's Motion for Summary Judgment Against Defendant Omni Hotels Management Corporation

particular risk of harm does not turn on the reasonableness or unreasonableness of the plaintiff's conduct, but rather on the nature of the activity or sport in which the defendant is engaged and the relationship of the defendant and the plaintiff to that activity or sport." *Knight v. Jewett*, 3 Cal.4th 296, 309 (1992). "Whether the assumption of risk doctrine applies in a particular case is a question of law." *Amezcua v. Los Angeles Harley-Davidson, Inc.,* 200 Cal.App.4th 217, 227, 132 Cal.Rptr.3d 567 (2011) .

Secondary assumption of risk applies when there is a known risk, and the plaintiff proceeds with the knowledge of that risk. Walking has no inherent risk, therefore the principles of assumption of risk are inapplicable to Abolafia's activity.

For golf, a primary assumption of risk is being hit by another player's golf ball. A secondary assumption of risk is golf would be getting sand in your eyes while hitting a ball out of a sand trap. Neither assumption of risk applies because Abolafia was not participating in a sport where he assumed any risk, he was walking. Since there was no activity with an inherent risk, Abolafia cannot have assumed any risk.

### 4. PRIMARY ASSUMPTION OF RISK IS IRRELEVANT TO WALKING. SECOND AFFIRMATIVE DEFENSE.

Defendant Omni Hotel's second affirmative defense stated, "the Complaint is *barred*." The California Supreme Court abrogated contributory negligence in *Li v. Yellow Cab Co.*, 13 Cal.3d 804 (1975).

A primary assumption of risk is for "an individual who voluntarily engages in a potentially dangerous activity or sport 'consents to' or 'agrees to assume' the risks inherent in the activity or sport itself, such as the risks posed to a snow skier by moguls on a ski slope or the risks posed to a water skier by wind whipped waves on a lake." *Knight v. Jewett*, 3 Cal.4th 296, 311 (1992). Walking is safe. Omni Hotel's second affirmative defense alleged that that golf could be dangerous but does not state any facts as to how the potentially dangerous game of golf is tied to walking into Defendant's unmarked, hidden trench. Defendants also didn't explain

Memorandum of Points and Authorities in Support of Plaintiff Allen Harvey Abolafia's Motion for Summary Judgment Against Defendant Omni Hotels Management Corporation

how its workers could inspect the course daily and not place barricades around, a six foot long trench.

### 5. COMPARATIVE NEGLIGENCE IS NOT A COMPLETE BAR. THIRD AFFIRMATIVE DEFENSE.

Defendant Omni Hotel's third affirmative defense, titled "Comparative Negligence" stated "the Complaint is *barred*." The California Supreme Court abrogated contributory negligence in *Li v. Yellow Cab Co.*, 13 Cal.3d 804 (1975). Therefore, Defendant's third affirmative defense should be dismissed or corrected.

### 6. OMNI HOTELS IS LIABLE FOR THE ACTS OF ITS EMPLOYEES AND AGENTS. FOURTH AFFIRMATIVE DEFENSE.

Omni Hotels alleged it was not liable because Abolafia's injuries were caused "by other parties for whom Omni [Hotels] is not legally responsible." (ECF 12). Omni Hotels then alleged "the golf cart path . . . was designed and constructed by Hoagland and Sons Concrete, not Omni." (ECF 12). Affirmative defenses are factual allegations that Omni Hotels possesses and that it will produce at trial to show that it has no liability, even if Abolafia is successful.

Even if the negligence was caused solely by Hoagland and Sons Concrete ("Hoagland"), Omni Hotels remains liable as Hoagland's principal. For Omni Hotel's to meet its pleading burden, it would have to file a third-party complaint against Hoagland and allege that Hoagland had no contract, was a trespasser and performed the construction outside the scope of its agency. (CACI 3705). Without facts that show Omni Hotels met its pleading burden, Abolafia is entitled to dismiss this affirmative defense.

/ / /
/ / /
/ / /
/ / /
/ / /

## VI. CONCLUSION

Based on the foregoing, Plaintiff Abolafia is entitled to judgment on the pleadings in his favor against Defendant Omni Hotel's on its six affirmative defenses.

Respectfully Submitted,

Date: June 16, 2020

*[signature]*

Robert J. Pecora, SBN 106167
Pecora & Cline
7855 Ivanhoe Avenue
Suite 408
La Jolla, California 92037
(858) 454-4014

Attorney for *Allen Harvey Abolafia, Plaintiff*

Page 9 of 9

Memorandum of Points and Authorities in Support of Plaintiff Allen Harvey Abolafia's Motion for Summary Judgment Against Defendant Omni Hotels Management Corporation